UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SKOVER and
CHERIE HURT,

    Plaintiffs,

vs                                            Case No: 04-71523
                                              Honorable Victoria A. Roberts

DET T. TITCHENELL, ET AL,

    Defendants.
_____/

## OPINION AND ORDER

### I.    INTRODUCTION

This matter is before the Court on Defendants' Titchenell, Schmittler, Kohl, Coil, Essad, Osterland, McLean and Trupiano's Motion for Partial Summary Judgment. For the following reasons, the Court will **GRANT** summary judgment on all counts as to Defendants McLean and Trupiano and **GRANT** summary judgment for the remaining Defendants on Counts II, III and IV: Improper Search, Malicious Prosecution and Due Process.

### II.    BACKGROUND

This action arises out of a drug raid on the home of Christopher Skover ("Skover") and Cherie Hurt ("Hurt") (collectively "Plaintiffs") on October 2, 2001. In August of 2001, detective Titchenell received a tip from an informant that Skover was selling narcotics out of his home. Following several "trash pulls" where Titchenell

removed trash allegedly found to contain marijuana seeds and residue, a search warrant was issued for 7495 Farr Court and vehicles registered to that address.

Several officers were part of the raid team assembled by Schmittler and Titchenell to execute the search warrant. Defendant Kohl was the supervisor of the search and handed out the assignments to the other officers. Defendants Coil and Osterland were to secure the residence. Defendant Essad was part of the entry team. Defendants McLean and Trupiano were present as uniformed officers. Both officers testified in deposition that they did not recall going inside the home. Although no longer part of this action, Sterling Heights police officer Defendant Steele assisted with a dog. The remaining Defendants are Shelby Township police officers.

The Plaintiffs were present when officers executed the search warrant. Additionally, Skover's friend, Mike Bush, was leaving the house as officers arrived. He was detained on the porch during the search. As officers conducted the search, the Plaintiffs allege several incidents took place that give rise to this action. First, Skover claims he was struck in the back of the head by an unknown object while he put his dogs in their cages. Hurt testified it was the butt of a gun. While Skover did not see who hit him, he claims Titchenell was closest to him. Second, Skover claims his head was slammed into the kitchen table by an unidentified officer when he asked to see the search warrant. Third, Skover claims he was thrown on the floor and kicked by both Kohl and Titchenell after telling the officers he did not have any drugs. Bush testified that he saw Skover being kicked from his vantage point on the porch. Finally, Skover alleges that as the officers were leaving, Coil uncuffed one hand and held him while Kohl spit in his face, taunted him and slapped him in the face. Hurt claims she

witnessed this incident. None of the individuals was arrested.

Following the search, Skover's mother took him to the hospital. Skover complained of pain in his head and back, as well as lightheadedness, vomiting and a numb tongue. Medical staff noted a right back contusion with a bruise, tenderness at the base of the scalp and along the coronal area of the scalp with slight swelling. Also, medical staff noted tenderness to touch in the right flank area. Later, the Defendants sent Skover for an independent medical evaluation. He was diagnosed with (1) traumatic headache disorder; (2) traumatic migraine headaches; (3) post concussion syndrome; and (4) post-traumatic stress disorder.

Hurt testified that she was in the shower when officers entered to execute the search warrant. She says officers told her to get out of the shower at gunpoint. She claims she put a towel around her, but Coil pulled it off and told her to put clothes on. Hurt claims Coil and Osterland watched her dress.

In addition Plaintiffs claim there was damage to their home and personal property. The Plaintiffs contend the Defendants emptied an ash tray on the floor of Hurt's van and poured soda and cigarette butts on bags of clean laundry in the back of the van. The Plaintiffs further claim the Defendants threw garbage in the washing machine and pried and bent away many of the light switch and electrical outlet covers. According to the Plaintiffs, an unidentified officer spit tobacco juice on the floor.

The only drugs found in the search was a marijuana roach and stem in Hurt's van. Hurt's van was not registered to the 7495 Farr Court address, so it was not within the scope of the search warrant. Schmittler testified that he "ran the lien" on Hurt's van after the search was complete. On October 11, 2005, Schmittler sought authorization

for a complaint against Hurt from the prosecutor. Charges were filed against Hurt for possession of marijuana. The charges were subsequently dismissed.

As a result of the alleged incidences during the search, the Plaintiffs filed a four count complaint on April 27, 2004: Count I - Fourth Amendment excessive force claim on behalf of Skover; Count II - Fourth Amendment illegal search claim on behalf of Skover and Hurt; Count III - Fourth Amendment claim for malicious prosecution on behalf of Hurt; and Count IV - Fifth Amendment/Fourteenth Amendment claim for destruction of property without due process.

### A.     Defendants' Motion for Partial Summary Judgment

On July 14, 2005, Defendants filed a motion seeking partial summary judgment.

#### 1.     Count I - Excessive Force

The Defendants seek summary judgment on behalf of Defendants Schmittler, Coil, Essad, Osterland, McLean and Trupiano on Count I. The Defendants admit there is a genuine issue of fact as to Titchenell and Kohl. The Defendants point out that all the other officers testified at deposition that they did not have any physical contact with Skover, except Coil did uncuff Skover. Skover alleges direct contact by officers Titchenell, Coil and Kohl. Additionally, the Defendants claim Skover alleged that only Titchenell and Kohl observed the alleged excessive force or could have done anything to prevent it. Lastly, none of the officers for whom the Defendants seek summary judgment was a supervisor over Titchenell, Coil or Kohl.

#### 2.     Count II - Improper Search

All Defendants seek summary judgment on Count II. Both Plaintiffs allege there

4

was no probable cause for the warrant to issue because there was no evidence drug trafficking at 7495 Farr Court. Additionally, the Plaintiffs claim that even if the search was valid, it was carried out in an unreasonable manner because of property damage, drawn weapons, the force used to get Hurt out of the shower and the verbal threats.

The Defendants contend that there was probable cause for the search warrant and the officers were entitled to rely on a facially valid warrant. Additionally, the Defendants argue that none of the officers' actions violated the Fourth Amendment, and even if they did, the officers are entitled to qualified immunity. The officers argue the property damage was incidental to the search and the weapons were reasonable given that it was a search for narcotics. Further, the Defendants argue, Hurt was ordered out of the shower and told to dress in front of officers for officer safety. Lastly the Defendants maintain that verbal abuse is not a constitutional violation.

### 3. Count III - Malicious Prosecution

All Defendants seek summary judgment on Count III. Hurt alleges malicious prosecution because Schmittler found out the van searched was not within the scope of the search warrant and sought a complaint anyway. As a result, Hurt was charged with possession of marijuana, although the charges were eventually dismissed. The Defendants claim they are not responsible because they did not make the determination, nor participate in any way, in the decision to prosecute Hurt.

### 4. Count IV - Due Process

All Defendants seek summary judgment on Count IV. The Defendants claim allegations of improper seizure of property pursuant to the execution of a search warrant are judged by the Fourth Amendment reasonableness standard. Therefore, for

the reasons stated in response to Count II, the Defendants seek summary judgment.

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).  The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor.  *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995).  To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c).  *Cox*, 53 F.3d at 149.  Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).  The moving party does not, however, have to support its motion for summary judgment

with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Count I - Excessive Force

Skover alleges direct excessive force against him by Coil, Titchenell and Kohl. Titchenell and Kohl concede there is a genuine issue of material fact with respect to this claim against them. They deny using any force, but admit there is a question of fact based on the Plaintiffs' version of the events. Officer Coil does not concede there is a genuine issue of material fact regarding whether his contact with Skover amounted to excessive force. However, Coil does admit removing the handcuffs from Skover. [Defendant's Motion for Partial Summary Judgment, Exhibit E, p. 33]. The claim against the other Defendants with respect to Count I is that they failed to intervene.

In order to hold an officer liable for excessive force, the plaintiff must prove that the officer: (1) actively participated in the use of excessive force; (2) supervised the officer who used excessive force; or (3) owed the victim a duty of protection against the use of excessive force. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

Whether force is excessive is judged under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396. Proper application of the reasonableness test requires careful attention to "the facts and circumstances of each particular case, including the

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citation omitted).  Reasonableness is judged from the perspective of a reasonable officer on the scene and not with the benefit of hindsight. *Id.* "Not every push or shove...violates the Fourth Amendment." *Id.* "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id.* at 396-397.

"[A] police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Turner, 119 F.3d at 429.

### 1.      Skover hit while caging dogs

Taking the facts in a light most favorable to the Plaintiffs, there is a genuine issue of fact as to whether there was excessive force used in hitting Skover repeatedly in the back of the head with an object.  The Plaintiff claims it was Kohl and/or Titchenell that struck him. [Plaintiffs' Response, Exhibit 5, p. 28].  Skover claims he was putting his dogs away when he was struck.   Skover was not resisting or attempting to flee at any time. [Defendants' Motion for Partial Summary Judgment, Exhibit B, p. 13].  If there is no basis for using force, force is unreasonable.  "[E]ven minor uses of force are unconstitutionally excessive if they are 'totally gratuitous.'" *Gaddis v. Redford Township*, 364 F.3d 763, 772 (6th Cir. 2004); *see also Cox v. Treadway*, 75 F.3d 230 (6th Cir.

1996).

Presuming there was excessive force, the next question is whether any of the officers had an opportunity and the means to prevent the harm from occurring. Hurt testified that she saw Skover being struck from her position in the bathroom. The bathroom is across the hall from the bedroom where the dog cages are kept. In the bathroom with Hurt were Osterland and Coil. The Plaintiffs allege there is a genuine issue of fact as to whether Osterland and Coil saw the blows and could have prevented them. The Defendants claim "it is not a reasonable inference that Osterland and Coil...could have stopped their efforts to secure Ms. Hurt and ran across the hallway into the bedroom and prevented the blows from landing." [Defendants' Reply, p. 2].

Both Osterland and Coil testify to being in the bathroom a very short time. They were not asked at their deposition whether they saw or heard Skover being assaulted while they were in the bathroom. [Defendants' Motion, Exhibits E and G]. However, Coil testified that it took approximately two to three minutes to "clear" the house, to make sure there were no dangers to officers. [Defendants' Motion, Exhibit E, p. 8]. If the house was of such a size that the entire house could be "cleared" in minutes, it is presumably a small house. In a light most favorable to the Plaintiff, this creates a genuine issue of fact as to whether Osterland and Coil failed to protect Skover. Since they were in the bathroom across the hall in such a small house, they could have gotten to the other room in time to prevent at least a portion of the blows. Therefore, there is a genuine issue of material fact as to Osterland and Coil on the failure to protect Skover from the use of excessive force.

The Plaintiffs do not allege any other officers were present who could have

stopped the blows. Accordingly, summary judgment is granted to Schmittler, Essad, McLean and Trupiano.

### 2. Skover's head pushed into the table

Skover argues that an unidentified officer pushed his head into the kitchen table when he asked to see the search warrant. [Plaintiffs' Response, Exhibit 5, p. 29]. However, he is unable to identify which officer allegedly pushed him. Accordingly, Defendants are entitled to summary judgment on this claim. *See Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002)(where three prisoners brought excessive force claims under Eighth Amendment, unidentified officers were properly granted summary judgment because plaintiffs failed to present any evidence of the identity of the officers who allegedly used the excessive force in removing them from their cells). *See also, Anela v. City of Wildwood*, 790 F.2d 1063 (3rd Cir. 1986); *Hill v. Algor*, 85 F.Supp,2d 391 (D.N.J. 2000).

Moreover, no Defendant can be held liable for failure to intervene - - it was a single push with no warning. Skover himself testified that he did not know it was going to happen before it did. [Plaintiffs' Response, Exhibit 5, p. 29].

### 3. Skover kicked in the hallway

Skover claims that Kohl and Titchenell kicked him three times in the hallway/kitchen area. Kohl and Titchenell concede there is a genuine issue of material fact on this claim.

With respect to the failure to protect claim, the Defendants contend that Skover has not set forth any evidence that any of the other officers had the opportunity or the means to prevent the alleged kicks. However, as discussed above, this was a small

10

residence. It is undisputed that Essad, Coil, Schmittler and Osterland were inside the house in and around the hallway and kitchen. Additionally, the Plaintiffs' allege there were several kicks taken from a running start in the hallway. Therefore, there is a genuine issue of material fact as to whether Essad, Coil, Schmittler and/or Osterland saw or had reason to know the kicking was going on and whether they had the opportunity and means to prevent it.

Plaintiffs do not allege that McLean and Trupiano were inside the house. The Plaintiff contends McLean and Trupiano could potentially have seen the incident from outside. It is not a reasonable inference that either officer could have known what was happening and gotten inside to prevent it. Summary judgment is appropriate on this incident for McLean and Trupiano.

### 4. Assault as handcuffs removed

Skover claims that Coil removed one handcuff and held onto him while Kohl repeatedly taunted him, slapped him in the face, and spit in his face. Coil admits he removed the handcuffs from Skover, but denies any use of force by him or any other officer. [Defendant's Motion for Partial Summary Judgment, Exhibit E, pp. 36-37]. The assault allegedly occurred in the kitchen. The Defendants assert that there was no injury and the allegations do not amount to a constitutional violation.

As set forth above, gratuitous force is excessive. The Defendants do not allege that any amount of force was necessary against either Plaintiff. Therefore, there is a genuine issue of material fact as to whether the Plaintiffs' allegations amount to excessive force against Coil and Kohl.

Similar to the kicking incident, all of the officers who were in the residence were

11

in or around the kitchen. There is a genuine issue of material fact as to whether Essad, Schmittler and/or Osterland saw or had reason to know the assault was going on and whether they had the opportunity and means to prevent it.

Again, the Plaintiffs do not allege that McLean and Trupiano were inside the residence. It is not a reasonable inference that either officer could have known what was happening and prevented it. Therefore, summary judgment is appropriate as to this incident for McLean and Trupiano.

In sum, on Skover's excessive force claim, summary judgment is appropriate for McLean and Trupiano. But, there is a genuine issue of material fact as to the remaining officers. There is a genuine issue of material fact as to whether Titchenell, Kohl and/or Coil used direct excessive force against Skover. There is a genuine issue of material fact as to whether Schmittler, Essad and Osterland are liable for excessive force for failing to intervene.

### B.    Count II and IV - Improper Search and Due Process

#### 1.    Destruction of property

The Plaintiffs' claim the search was carried out in an unreasonable manner because there was damage not incidental to the search. Originally, the Plaintiff's listed the damage as a violation of the Fourth Amendment in Count II, and the Fifth and Fourteenth Amendment Due Process clauses in Count IV. The Defendants assert that a due process claim is not appropriate in this case. In responding to this motion, the Plaintiffs allege the claim was proper under the Fourth Amendment, but failed to present any authority that a due process claim was proper. Therefore, Counts II and IV are merged into one Count for unreasonable search and seizure under the Fourth

Amendment.

The Defendants claim that the damage alleged by the Plaintiffs is *de minimus* and incidental to a thorough search for narcotics. "[O]fficers executing search warrants must often damage property in order to perform their duty." *Hill v. McIntyre*, 884 F.2d 271, 278 (6th Cir. 1989). "[T]he manner in which a warrant is executed is subject to later judicial review as to its reasonableness." *Dalia v. U.S.*, 441 U.S. 238, 258 (1979).

In this case, the Plaintiffs allege several acts were unreasonable and not incidental to the search. They submit that:

> ...throwing household garbage into their washing machine, dumping an ash tray onto the floor of Hurt's van, scattering cigarette butts and soda pop over the clean laundry in the van after they had already torn open the laundry bags to search for contraband, and found none, as well as damaging the plates which covered electrical switches, was unnecessary and unreasonable. The spitting of tobacco juice throughout the premises was not reasonably related to the Defendants' duties and obligations to execute the search warrant.

[Plaintiffs' Response, p. 16].

Dumping ashtrays and prying away the electrical switches are not unreasonable in a search for narcotics. It is also reasonable that many items may be knocked over and searched while officers look for evidence. But, there is a genuine issue of fact as to whether throwing garbage in the washing machine, pouring cigarette butts and soda on laundry and spitting tobacco juice on the floor is reasonable. Fatal to this claim, however, is that Plaintiffs fail to identify which Defendants are allegedly responsible for the acts. Therefore, summary judgment is appropriate for Titchenell, Schmittler, Kohl, Coil, Essad and Osterland for destruction of property.

McLean and Trupiano remained outside during the search and could not have

committed any of the alleged acts. Therefore, summary judgment is appropriate for McLean and Trupiano on this claim as well.

### 2. Shower incident

Hurt alleges Osterland and Coil watched her dress after ordering her out of the shower. She does not allege any inappropriate touching or comments. Several officers testified that Hurt put on a robe and pants and was escorted out of the bathroom. [Defendants' Motion for Partial Summary Judgment, Exhibit B, p. 36; Exhibit C, p. 45; Exhibit E, pp. 22-23].

As noted above, claims of an improper search are judged under a reasonableness standard. *Dalia*, 441 U.S. at 258. In this case, Hurt was ordered out of the shower, allegedly denied the opportunity to put a towel on, and was ordered to dress. It is undisputed that she had clothes in the bathroom and that she put on a robe, which would not take a long time to put on. It is not unreasonable for officers executing a search warrant for suspected narcotics distribution to order an individual out of the shower and order her to dress in view of the officers. It is reasonable to protect officer safety not to leave an individual unsecured, especially during the initial moments of the search, as this was, and before officers ascertain dangerousness. Therefore, summary judgment is appropriate with respect to the shower incident.

### C.   Count III - Malicious Prosecution

Hurt alleges malicious prosecution against Schmittler because he knew the Dodge Caravan parked in the garage was not registered to the 7495 Farr Court address and was not properly within the scope of the search warrant, Nonetheless, he sought a complaint from the prosecutor against Hurt. Hurt was charged with possession but the

14

charges were later dismissed.

An officer cannot be held liable for malicious prosecution when they did not participate in the decision to prosecute. *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005). The Plaintiffs present no evidence that Schmittler conspired with, influenced or even participated in the decision to prosecute Hurt. *See, Id.* Therefore, summary judgment is granted Schmittler on Hurt's claim of malicious prosecution.

## VI. CONCLUSION

For the foregoing reasons, the Court will **GRANT** in part and **DENY** in part Defendants' Motion for Partial Summary Judgment. The Court **GRANTS** summary judgment on all counts as to Defendants McLean and Trupiano and **GRANTS** summary judgment as to all remaining Defendants on Counts II, III and IV: Improper Search, Malicious Prosecution, and Due Process, respectively. With respect to Count I, trial will go forward on the following incidences:

(1) whether Titchenell and Kohl used direct excessive force by hitting Skover while he caged his dogs; (2) whether Coil and Osterland are liable for failure to intervene in that incident; (3) whether Titchenell and Kohl used direct excessive force by kicking Skover in the hallway; (4) whether Essad, Coil, Schmittler and Osterland are liable for failure to intervene in that incident; (5) whether Kohl and Coil used direct excessive force in assaulting Skover as the handcuffs were removed; and (6) whether Essad, Schmittler and Osterland are liable for failure to intervene in that incident.

**IT IS SO ORDERED.**

s/Victoria A. Roberts

                                              **Victoria A. Roberts**
                                              **United States District Judge**

**Dated: November 10, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 10, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---